IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **The Lamson & Sessions Co.,** <br> **25701 Science Park Drive** <br> **Cleveland, Ohio 44122,** <br><br>        **Plaintiff,** <br><br>   v. <br><br> **IPEX Inc.** <br> **50 Valleybrook Drive** <br> **Toronto, ON M3B 2S9** <br> **(416) 445-3400,** <br><br>        **Defendant.** | **Civil Action No. _____** <br><br> **Judge _____** <br><br><br> **COMPLAINT AND** <br> **JURY DEMAND** <br><br> *Electronically Filed* |

For its Complaint, The Lamson and Sessions Co. alleges as follows:

### THE PARTIES

1. The Lamson & Sessions Co. ("Lamson") is an Ohio corporation with its principal place of business at 25701 Science Park Drive, Cleveland, Ohio, 44122.

2. On information and belief, IPEX, Inc. ("IPEX") is a Canadian corporation and has its headquarters at 50 Valleybrook Drive, Toronto, Ontario M3B 2S9.

3. IPEX imports, offers for sale and sells various products relating to electrical and telecommunications systems. IPEX's product line includes the TerraCon™ product, which is a raceway for electrical and telecommunications cables that is designed for use in trenchless applications.

PII-1125183v1

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35 U.S.C. §§ 101, et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 271 *et seq*.

6. Personal jurisdiction exists generally over IPEX because it has minimum contacts with this forum as a result of business regularly conducted within the State of Pennsylvania and within this district. Such jurisdiction exists generally as well as specifically as a result of, at least, IPEX's distribution network wherein IPEX places products that infringe United States Patent No. 6,325,424 into the stream of commerce, which stream is directed at the Commonwealth of Pennsylvania, including this district, with the knowledge and/or understanding that such products would be sold in the Commonwealth of Pennsylvania, including this district. Further, specific jurisdiction exists as a result of IPEX having committed the tort of patent infringement, by offer for sale and sale of products that infringe United States Patent No. 6,325,424 within Pennsylvania and this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d).

## PATENT AT ISSUE

8. On December 4, 2001, United States Patent No. 6,325,424 ("the '424 patent") entitled "Coupled Assembly Having Enhanced Axial Tension Strength" was duly and legally issued with Paul Metcalfe, Craig Homberg, and Walter Lockard named as inventors. All rights, title, and interest in the Patent were assigned to Lamson, which remains the sole owner. *See* Exhibit A hereto.

## COUNT I

9. Lamson realleges and incorporates herein paragraphs 1-8 above as if fully set forth.

10. At no time has Lamson licensed or assigned all or any portion of its rights, title and/or interest in and to the '424 patent to IPEX.

11. Upon information and belief, Defendant IPEX is now, and/or has been infringing the '424 patent under 35 U.S.C. § 271, *et seq.*, by, without permission or authority from Lamson, importing into the United States, and selling, offering to sell, and/or using within the United States, including this District, trenchless electrical and telecommunication cable raceways covered by this patent. Examples of such infringing trenchless electrical and telecommunication cable raceways include "TerraCon™" and other products as yet unidentified. Further, IPEX has contributorily infringed, and actually induced infringement of, the '424 patent.

12. IPEX has notice of its infringement as prescribed by 35 U.S.C. § 287(a).

13. On information and belief, IPEX's foregoing acts of infringement were willful and deliberate from the time which it first received notice of its infringement as prescribed by 35 U.S.C. § 287(a) and continue to be willful and deliberate.

14. Lamson has been damaged by the foregoing acts of infringement of its patents by IPEX and will continue to be damaged by such infringement unless enjoined by this Court.

## **RELIEF REQUESTED**

Wherefore, Plaintiff Lamson respectfully requests that this Court enter judgment against Defendant IPEX as follows:

A. That the '424 patent was, during all relevant periods, valid and enforceable;

B. That the '424 patent has been infringed by Defendant IPEX;

C. That infringement of the '424 patent by Defendant IPEX has been willful;

D. A preliminary and permanent injunction against further infringement of the '424 patent by Defendant IPEX;

E. An award of damages sufficient to compensate Lamson for the patent infringement that has occurred, together with pre-judgment interest and costs;

F. An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

G. That this in an exceptional case and an award to Lamson its costs and reasonable attorney's fees incurred in this action as provided by 35 U.S.C. § 285; and

H. Such other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Lamson hereby demands a trial by jury on all issues triable of right by a jury.

Dated: August 24, 2005

Respectfully submitted,

s/Robert O. Lindefjeld
Robert O. Lindefjeld (PA70444)
rlindefjeld@jonesday.com
Cecilia R. Dickson (PA89348)
crdickson@jonesday.com
JONES DAY
One Mellon Center
500 Grant Street, Suite 3100
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959

Of Counsel:

*Attorneys for Plaintiff, The Lamson & Sessions Co.*

Calvin P. Griffith*
Thomas R. Goots*
Isaac A. Molnar*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939 (Telephone)
(216) 579-0212 (Facsimile)

*e-filing registration pending*

PII-1125183v1

-4-